v. Ricardo Urbina-Robles Good morning, may I please support? My name is Candice Pimentel Soto and I represent the appellant Ricardo Urbina-Robles. Should this court vacate Mr. Urbina-Robles' guilty plea applying plain error analysis? Mr. Urbina-Robles submits to the court that the answer is yes. Applying the cases of Gandia-Maisonet and in October 2015 opinion of this court in the case of United States v. Figueroa-Casio. In Figueroa-Casio, this court applied the plain error review analysis adopted in Gandia-Maisonet to the change of plea hearing on the Rule 11 Coloquy. And concluded that the change of plea hearing of the defendant, his guilty plea, was unknowingly and voluntarily. The similarities between Figueroa-Casio holding and facts in Mr. Urbina-Robles' case are significant. In Figueroa-Casio, the defendant made a straight plea just as Mr. Urbina-Robles. Also, the court only summarized the charges against the defendant. The court also failed to explain to the defendant what were the meaning of several of the elements of the offense, just as aiding and abetting and possession, and both elements are also present in Mr. Urbina-Robles' case. In Figueroa-Casio as well, the government proffer also lacked several elements of the offense and misstated the mens rea required for the carjacking offense. In Figueroa-Casio as well, as it happens in Mr. Urbina-Robles' case, the court failed to request from the defendant an affirmative verbal unambiguous admission of guilt. According to Gandia Maisonet and Figueroa-Casio, to correctly inform the defendant of the elements of the offense is critical for a valid change of plea. And in the present case, the circumstances are even worse. Mr. Urbina-Robles was not misinformed of the elements of the offense. I submit to the court that Mr. Urbina-Robles was not informed at all of the elements of the offense. This court case law has been consistent in holding that when the sentencing court fails or ignores a court concern of Rule 11, Plain Error Review Standard is met. Even before Gandia Maisonet, cases such as United States v. Guadalcresco, Martinez-Martinez, and U.S. v. Alar established that in most cases the mere reading of the charges is insufficient. All of this supports the conclusion that there was a plain or obvious error? Yes. But to win under Plain Error Review, you need to show that there was a substantial probability that he would have changed the plea and that also under the fourth prong overturning the plea would be constant with justice consideration. So could you talk about the third and fourth prong of Plain Error? Assuming that you're right that there was a plain or obvious error in the way the offense was described both in the indictment and in the colloquy itself, it's still possible that he would not have changed his plea because given the facts of the crime he committed, which he did admit to in the plea colloquy, there was no legal argument he could have pressed had he been informed of the correct element that would have altered his plea. Well, there is also a critical issue in this case that happened during the change of plea hearing, for instance. The court never mentioned the sentencing guidelines during the change of plea hearing. But I want to, just on this particular issue, is this related to that issue? Yes. Okay. Yes. I would talk about the stakes of sentencing, for instance. Mr. Rubino-Roberts was not advised about the sentencing guidelines. No, but I don't want to talk about that error. I want to talk about the error that you identified, which is that the indictment didn't mention an element. Yes. And that the rule in the colloquy didn't solve that problem because it also misstated the element. If I agreed with you on both points and thought that that was a plain or obvious error, why did that plain or obvious error prejudice your client in the sense that had he been, what is the argument that had he been aware of the extra element, he would not have pled? Well, Your Honor, Mr. Rubino-Roberts might have understood that when he was pleading guilty to the carjacking offense, was drafted in the indictment, he might have actually committed the offense. Nevertheless, if the court would have advised him that the vehicle must have been taken from the person of the victim, he would have known that he might not have committed that offense because, from the record, the circumstances that that offense was committed are not present. But that's what I want to understand. So where was the car, when he agrees at the plea colloquy to the offense, where is he understanding the car to be? Can we tell from the record? No, Your Honor. We don't know that the car is out front? Not from the record. Not from the record. It isn't on the record. It isn't on the transcript. And the government didn't recite the facts of the case. So from the change of plea hearing transcript, you cannot conclude where was the car, where was the victim. So we don't know if the car was in the driveway or out front of the house. It could have been down the block or another neighborhood for all we know from the record? Yes, Your Honor. Yes, Your Honor. Yes. There's nothing on the record as to the circumstances of the offense, which is aggravated because of the way the indictment was drafted and because the sentencing court limited itself to just reading of the charge as drafted in the indictment. Does the PSR, nothing else describes, the indictment doesn't describe the facts of it? No, Your Honor, no. And the PSR was not prepared before the change of plea hearing anyway, is that right? No. Okay. No, no. What about an exchange of proposed plea agreements? Is there any reference to anything like that in the record? No, Your Honor, none of that. And again, there's no plea agreement. There's no recital of the facts. So the record is naked as to the circumstances of the crime in this case. There is also as to prejudice in the change of plea hearing as a second element that the court never advised Mr. Rubin and Roble as to the applicable sentencing that he had to consider sentencing guidelines, 3553 factors, that he had authority to impose restitution, a special monetary assessment, or a fine. None of those concepts were ever mentioned during the change of plea hearing. Going back to where the car is, for the fourth prong, I'm not quite sure how to think about this. Maybe you can help me. Whose problem is that, that we can't tell where the car is from the record? In other words, on the one hand, your client doesn't object to the error. So if you could show the car was not proximate to the house, that obviously would help us in now saying there's a problem. On the other hand, why is that not your problem on plain error view that the record is silent? Why don't we say that we should just construe the record favorable to the prosecution rather than against the prosecution? Well, the case law has established that it is a government responsibility to make sure that there is a factual basis for a guilty plea, and it is the court that must assure itself that when it accepts a guilty plea, the record shows and the sentencing court is convinced that there is a factual basis for accepting responsibility. I don't mean to interrupt you, but aren't we, on this issue, aren't we talking about whether the plea was knowing involuntary as opposed to whether the factual basis standard was satisfied? And what we're really focusing on is whether he knew, whether the defendant knew at the time that he pled guilty that the government would have to prove taken from the person or presence. Isn't that the question? Well, what I would say is that to have a knowing and intelligent guilty plea, the defendant must be advised and informed of the elements of defense and must be aware of what are the facts that the government would have to prove. Yes. So let me ask a question about that, if I might. So if the car was in the driveway just outside of the house, the defendant is likely going to have some difficulty getting over our Savarese opinion that has similar factual circumstances. But if the car is somewhere else and counsel did not talk with the client, you weren't counsel below, were you? No. And counsel did not talk with the client about that potential defense, then you may even have an ineffective assistance claim, depending on what the facts actually turned out to be. So part of what we're trying to do is find out what is in the record about where the car was, and that's why we want to know what he did know. Well, let's suppose that the victims were in the kitchen, and let's suppose that the car was in the driveway or in the garage, right? The issue here is not, I submit, is not what Mr. Urbina-Robles might have known about the circumstances of defense because he was present, but what did he know about what he was charged of? And what he knew that he was charged of was of taking a vehicle from someone. And yes, he knew that that vehicle that he took was not his. It belongs to the victim. But he didn't know, he was never advised, it's not on the record, that to have committed a federal offense, he must have taken the vehicle from the present or from the person of the victim. And that seems to me to be the issue here. But it wouldn't matter much in terms of whether he was prejudiced by that lack of knowledge if the actual crime that he should have been informed of was one that would make him guilty if they were in the kitchen and the car was in the driveway. Where it would make a difference is if the car was, given our savories even, if the car was a little farther away, unless there's some argument that even if the car was in the driveway, we still think there is a basis for us saying he would have been prejudiced. Let's assume that the car was in the driveway. Is there an argument that he was prejudiced? I understand it could have been an argument, it could have been a defense, that he didn't commit the carjacking because he wasn't taken from the person or the person of the victim. But how could he make that argument if the car was in the driveway, given our decision in savories? Well, I submit to the court that there is case law that points out the distance between the victim and the taking of the car. And I also submit to the court that there is a difference between the Sixth Amendment requirement or sufficiency of notice in the indictment and what is required under Rule 11 and due process of law to have the defendant make an all-women guilty plea. But I submit to the court that even from the face of the indictment, one might conclude that it was sufficient notice for the carjacking offense, it wasn't sufficient for Rule 11 and for due process to have an only and voluntary guilty plea. Let me ask you a question. And I'm not asking you to disclose any client confidences, so you can just tell me that you don't want to answer the question. But what if on this issue, if we were either to reverse in order that the indictment be dismissed, the statute of limitations has not run as I understand it, and if he's reindicted, I wonder whether it's in his interest to withdraw, or even if we just send it back for a hearing on the question of whether it was knowing and voluntary. I take it you have advised your client. I have specifically advised my client as to the posture of his person if this court vacates his change of plea hearing, and he has to confront the indictment anew. Particularly, I'm very specific as to that consequences, and even inform him as to his co-defendant result in his sentence and the appeal before this court. Yes, I did, Your Honor. If I may, Your Honor, I would request two additional minutes. I had my time planned to bring another issue to the attention of the court. I admit beforehand it wasn't brief, but I understand there is intervening legal authority that places this court in a position to consider the following matter. Mr. Rubina-Roble was considered a career offender by the sentencing court, and there is an opinion of this court of September 4, 2015 in the case of United States v. Katlovski. Yes, we're familiar. So would you file a Rule 28J letter bringing that to our attention? Yes, Your Honor. Thank you. Thank you. Good afternoon, Your Honors. May it please the Court. Defendant upon Urbina-Roble seeks to have his guilty plea set aside in light of alleged errors and omissions by district court during the Rule 11 Colloquial Exchange plea hearing. Even if any error did occur, under plain error review, Urbina-Roble has failed to show that they affected his substantial rights, and that they impaired the fairness and integrity of the judicial proceedings. As to the Rule 11 plea colloquy as it relates to his knowing and voluntary entering into a guilty plea, the crux of Urbina-Roble's argument is that he was not aware that the indictment did not properly set out the elements of the crime charged, and because the judge just read the indictment, then Urbina-Roble did not admit to the essential elements of the carjacking crime. His reading of the indictment is misguided. A reading of the indictment shows that it charged more than that he merely stole a car that belonged to the victim in this case. Rather, it shows that, as the district judge pointed out at the change of plea hearing, that he was charged with taking the vehicle that was at the moment in possession or control of the victim, because it was taken from him, the victim, by use of force, violence, and intimidation. The court, as Sister Counsel mentioned, recently reversed a district court's acceptance of a guilty plea in Figueroa-Casio after finding that it did not ensure the defendant understood what the government needed to prove in order to support a conviction. True, as is the case here, there was no plea agreement in Figueroa-Casio, to which evidence that the defendant reviewed and acknowledged prior to the trial. The language you say shows that there was no error is from the possession of? I'm sorry? The language that you say shows that there was no error is from the possession of in the colloquy? Yes, Your Honor. So, would it be true that I've taken something from the possession of the owners of the car if I stole their car when it was in a garage down the street? That is, in a factual scenario similar to this one, where they take the physical keys from your... No, I'm not asking whether it meets the carjacking statute. I'm asking would it be true that I've taken it from the possession of someone if they own the car and I took it when it was in a garage down the street? Well, Your Honor, possession and ownership are a bit distinct. Sometimes they go hand in hand, of course. Sometimes they do? Yes. Yes, so isn't that a huge problem for you? Because that suggests he was not informed that they can't go hand in hand here and that the only way that he could be guilty is if the car was taken from the presence or person of, which doesn't mean just ownership or even just possession. Well, possession in this case, Your Honor, was meant as a form of having control over the car. How do we know that? Well, Your Honor, from the record, if we look back at the complaint in the affidavit provided by the agent, he states that at one point they opened the resident's front door and started to load all the stolen items into the stolen car, which was apparently in front of the house. We can tell from the record that the car was in front of the house? From the criminal complaint, yes, Your Honor, which was the first document filed in this case. Back to Figueroa-Casio. That's the document upon which an arrest warrant was issued? That's correct, Your Honor. There's nothing in the plea colloquy where he admits to that fact? No, Your Honor. Do we have the complaint in the appendix here? Yes, Your Honor. Back to Figueroa-Casio. Unlike the facts in that case, here the district court did ask Urbina-Robles if he had read the indictment, whether he had reviewed it with his attorney, and whether he was satisfied with his attorney's services at that time. To all those individual questions, Urbina-Robles answered affirmatively. Do we have anything in the record that shows he read the criminal complaint? Well, you would have to believe that the defense counsel would have had access to that. But that wasn't my question. There's no requirement that the defendant would have seen the complaint, and he was never asked whether he had seen the complaint. Well, there's certainly no requirement that the defendant himself go get the complaint. So as the record comes to us, there's nothing that shows the defendant knew that fact? Well, Your Honor, in the change of plea hearing, the district court also asked whether the government had provided the evidence in discovery. The defense attorney answered affirmatively and stated that he discussed all that material with Urbina-Robles prior to the change of plea hearing. And what would that have shown? That would have shown the facts in this case, that he went into this home at 140, 45 in the morning, and for the next about two to three hours basically terrorized. With respect to the car, I meant? It would show that the car was in the immediate vicinity of the home. Is there a particular place in the record that would show that, that's before us here? I would point to the PSR and to the criminal complaint. Those are basically where it is mentioned. The change of plea colloquy doesn't specifically state it. However, under plainer review, this court does look at the entire record and is not limited to the change of plea hearing. It seems like it would be difficult, though, to rely on a complaint. I mean, the indictment is what the grand jury charged, and that will very often be quite different than what a complaint might state. So in terms of putting someone on notice about what's going to be proved under the indictment, I'm not sure how relevant the complaint would be. Do you have any cases that accept looking at the complaint for that proposition? Off the top of my head, I can't think of one. And the PSR is after he pleads. He pleads. So is your argument that he then had an opportunity to seek to withdraw the plea once he had those full facts, but the facts were not in his favor? Is that what you're saying? That's certainly a possibility. He would have had time to withdraw his plea prior to request the withdrawal. But he wouldn't have at that time known that there was a legal... I mean, he couldn't have withdrawn. I guess the idea would be, at that point, he would have known not to withdraw the plea because the car was nearby. And I guess if he wanted to contest that the car was nearby at that point, he could have withdrawn and didn't. Is that the idea? Basically, Your Honor, yes. As I was also mentioning, in this case, the district court did ask the defense whether it had received the evidence in discovery, and the defense attorney did state that he did receive it and that he did review it and discuss it with his client. But the discovery is not in the record, right? That's nothing that we have the opportunity to look at, I take it. But we can get the PSR. But are you saying the complaint was turned over pursuant to the discovery and the complaint is in the record? The criminal complaint is in the docket entry and it's in the appellant's appendix. Right. But you're saying that the complaint was turned over pursuant to the discovery request. No, Your Honor, that's not what I'm necessarily saying. It might have been. But what I'm saying is it's part of the docket entries in the lower court to which the defendant's counsel at least had access to and which presumably would have to have discussed with his client in either preparing for trial or for his change of plea hearing. If the panel has any questions, please do. Thank you.